UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TIMOTHY ANDREW ENDRE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:16-cv-00419-SEB-MJD |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Respondent. ) | |

**Order Denying Motion for Section 2255 Relief,
Directing Entry of Final Judgment,
and Denying Certificate of Appealability**

For the reasons explained in this Order, petitioner Timothy Andrew Endre's motion for relief pursuant to 28 U.S.C. § 2255 is **denied**. In addition, the Court finds that a certificate of appealability should not issue**.**

### I. The Section 2255 Motion

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner brings a collateral challenge to his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to Section 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The scope of relief available under Section 2255 is narrow, limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted).

With this framework in mind, the Court turns to Mr. Endre's motion.

## II. Factual Background

On June 24, 2015, Timothy Endre pleaded guilty in Southern District of Indiana case number 1:14-cr-00108-SEB-MJD, to one count of coercion or enticement of a minor to engage in sexual activity, a violation of 18 U.S.C. § 2422(b). An amended plea agreement had been filed the same day, amending a plea agreement filed on June 13, 2015. The amended plea agreement called for a sentence of 212 months' imprisonment and, instead of a lifetime of supervised release, Mr. Endre could ask the Court for a ten-year period of supervised release instead. The original plea agreement and the amended version contained an appeal waiver provision. Before the plea hearing held June 24, 2015, the parties filed a stipulated factual basis. Mr. Endre signed the stipulation.

At the plea hearing Mr. Endre's guilty plea was accepted. The Court considered the parties' arguments on sentencing and imposed 212 months' imprisonment to be followed by ten years of supervised release. The judgment memorializing the sentence was filed June 29, 2015. Less than one year later, on February 22, 2016, Mr. Endre filed his motion for post-conviction relief pursuant to 28 U.S.C. § 2255.

Mr. Endre's motion sets out twenty-three grounds for relief:

(1) his plea of guilty was not knowingly and voluntarily made;
(2) his defense counsel was ineffective for not correcting incorrect information in the pre-sentence report;
(3) his defense counsel was ineffective for not challenging the prosecutor's misleading statements made at sentencing;
(4) his defense counsel was ineffective for not advocating for him at sentencing concerning the incorrect information in the pre-sentence report;
(5) his defense counsel was ineffective for not providing the court with justification to exercise discretion and reduce his sentence;
(6) his defense counsel was ineffective for failing to argue several circumstances that would have resulted in a downward departure of the sentence;
(7) his defense counsel was ineffective for failing to argue circumstances that would have led to the removal of enhancement points or conviction on a lesser charge;

2

      (8) his defense counsel was ineffective for failing to argue "30 or 40" issues that Mr. Endre brought to his attention about the pre-sentence investigation;

      (9) his defense counsel was ineffective for stipulating to a prior conviction when no such conviction existed;

      (10) a prior conviction from Ohio was construed as a sex offense when it was not a sex offense and his defense counsel was ineffective for not arguing this point;

      (11) his defense counsel was ineffective failing to inform the Court that Mr. Endre was not taking his mental health medications and had offered to assist the government in finding persons who were harming children;

      (12) his defense counsel was ineffective for failing to challenge the sufficiency of the evidence;

      (13) his defense counsel was ineffective for failing to object to the prosecution's use of a prior conviction that was not a sex-related offense;

      (14) his defense counsel was ineffective for failing to correct false and misleading information about the prior conviction, which was not a sex-related offense, and an allegation in that prior conviction that was fabricated by the probation department;

      (15) his defense counsel was ineffective for failing to investigate the circumstances of the prior conviction;

      (16) his defense counsel was ineffective for failing to follow Mr. Endre's instructions to object to the use of the prior conviction, the imposition of restitution, the basis for federal jurisdiction, and to provide him with copies of all of the prosecution's evidence;

      (17) his defense counsel was ineffective for failing to obtain scientific evidence and DNA reports, which would have shown that no crime occurred;

      (18) his conviction on a coerced guilty plea is a miscarriage of justice;

      (19) his defense counsel was ineffective when he lied to Mr. Endre about his options and consequences of various courses of actions;

      (20) his defense counsel was ineffective when he provided erroneous and faulty legal advice;

      (21) his defense counsel was ineffective for failing to locate and interview defense witnesses – the complaining witness – and failing to investigate the case;

      (22) his defense counsel was ineffective for failing to conduct legal research into the charge against Mr. Endre; and

      (23) his defense counsel was ineffective for failing to provide pre-trial discovery documents to Mr. Endre for review.

Dkt. 1.

The United States in response contends that pursuant to the plea agreement and appeal waiver contained therein, all of these issues are waived except for the question of whether Mr. Endre's trial counsel provided effective assistance of counsel in the negotiation of the plea

agreement. Dkt. 10, p. 4. Paragraph 12 of the amended plea agreement provides, in part, that Mr. Endre "expressly agrees not to contest the conviction or sentence or the manner in which it was determined in any collateral attack . . . ." Crim. dkt. 69. The United States also contends that Mr. Endre's trial counsel was not ineffective.

### III. Discussion

In order for a plea to be valid – and accordingly the included appeal waivers – it must be made voluntarily, knowingly, and intelligently. *United States v. Hays*, 397 F.3d 564, 567 (7th Cir. 2005) (citing *United States v. Gilliam*, 255 F.3d 428, 432-33 (7th Cir. 2001)). "A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as part of his plea agreement." *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011); *see also Solano v. United States*, 812 F.3d 573, 577 (7th Cir. 2016). Such waivers are upheld and enforced with limited exceptions in cases in which (1) "the plea agreement was involuntary," (2) "the district court relied on a constitutionally impermissible factor (such as race)," (3) "the sentence exceeded the statutory maximum," or (4) the defendant claims ineffective assistance of counsel in relation to the negotiation of the plea agreement. *Id.* (internal quotations omitted); *Gaylord v. United States*, 829 F.3d 500, 505 (7th Cir. 2016).

At the June 22, 2015, hearing on Mr. Endre's change of plea and sentencing, the Court made several inquiries about Mr. Endre's understanding of the plea agreement and the factual basis for the plea. *See* crim. dkt. 78 (transcript of hearing). Relevant excerpts of the hearing show these exchanges:

> THE COURT: So I have not touched on all aspects of your plea agreement, but I want to make sure you understand that the entire agreement is binding on you, and it's like a contract with the Government. So even though I haven't addressed it specifically in this hearing, the entire agreement is binding on you just as it is binding on the Government. Is that how you understand it, sir?
> THE DEFENDANT: Yes, ma'am.

4

> THE COURT: Did anyone persuade you or coerce you against your will to enter into this agreement?
> THE DEFENDANT: No, ma'am.

Crim. dkt. 78, p. 11.

> THE COURT: A similar question about your petition to enter a plea of guilty. Did anyone persuade you or coerce you against your will to make that filing with the Court?
> THE DEFENDANT: No, ma'am.
> THE COURT: When you signed these documents, again, was that your indication that you agree to what's written here and understand that it is part of your obligation now?
> THE DEFENDANT: Yes, ma'am.

*Id.,* p. 12.

> THE COURT: Do you understand that if you enter your plea and I accept it, that you're giving up your right to a trial and to, we say, an appeal on the merits, which means an appeal that tests the sufficiency of the Government evidence; do you understand that?
> THE DEFENDANT: Yes, ma'am.
> THE COURT: You may also be giving up your right to appeal the sentence as well. Do you understand that?
> THE DEFENDANT: Yes, ma'am.
> THE COURT: Is that what you want to do, sir?
> THE DEFENDANT: Yes, ma'am.
> THE COURT: Has anyone persuaded or coerced you against your will to make those decisions?
> THE DEFENDANT: No, ma'am.

*Id.*, pp. 17-18.

> THE COURT: Now, prior to taking the bench this afternoon, I was provided with a factual summary of the evidence that underlies this charge against you. So let me ask a couple of questions first. Did you read it before you signed it?
> . . . .
> MR. SCHRAGER: Your Honor, I have discussed this with Mr. Endre, and he does recall reading it. And frankly, I do, too. My predecessor is the one that negotiated that and discussed it with Mr. Endre. I discussed it with him as well way back when, and he fully abides by and accepts all of the material facts in that statement, and accepts that as a factual basis. And there's no need for either the Court, the Government or its agents to reread that document from our estimation. It's up to you, of course.
> THE COURT: Okay. My question to you, Mr. Endre, will be this. Is what's written here true as far as you know?

>THE DEFENDANT: Yes, ma'am.
>THE COURT: Do you have any disagreement or any quarrel with these facts?
>THE DEFENDANT: No, ma'am.
>THE COURT: Did you do what it says you did here, sir?
>THE DEFENDANT: Yes, ma'am.

*Id.,* pp. 20-21.

>THE COURT: My own review of these facts allows me to conclude as well that they are sufficient, that if this evidence were presented to a jury, that a jury could find on this basis that you're guilty as charged in this information. So I accept these facts as sufficient in that sense. So having made these explanations to you, Mr. Endre, and having considered your responses, and having now before me and well in mind the facts that underlie the charge, I put the question to you, sir, how do you plead to the charge against you in this information, guilty or not guilty?
>THE DEFENDANT: Guilty, Your Honor.
>THE COURT: It is the finding of the court in the case of United States of America versus Timothy Andrew Endre, that Mr. Endre is fully competent and capable of entering an informed plea, that he's aware of the nature of the charges and the consequences of his plea, that his plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense. His plea is therefore accepted and he's now adjudged guilty of the offense charged in the information.

*Id.*, p. 22.

>THE COURT: So [the probation officer] prepared the Presentence Investigation Report that we're going to use now to tee up the various sentencing issues. So let me just start with that. Did you get an opportunity to review this report and --
>THE DEFENDANT: Yes, ma'am.
>THE COURT: -- did you have sufficient time to discuss it with Mr. Schrager?
>THE DEFENDANT: Yes, ma'am.
>THE COURT: Mr. Schrager, did you have sufficient time to review the report and discuss it with Mr. Endre?
>MR. SCHRAGER: Yes, I did, Your Honor.
>THE COURT: Mr. DeBrota, did you have sufficient time to review the report and prepare?
>MR. DeBROTA: Yes, Your Honor.

*Id.*, p. 23.

Mr. Endre's contention that he involuntarily entered into his plea agreement due to his counsel's alleged promise that he would receive a forty-eight-month sentence "is belied by his own statements at the change of plea hearing, which are presumed truthful." *Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000); *see Hurlow v. United States*, 726 F.3d 958, 968 (7th Cir. 2013) ("[R]epresentations made to a court during a plea colloquy are presumed to be true.") (citation and internal quotation marks omitted); *Nunez v. United States*, 495 F.3d 544, 546 (7th Cir. 2007) ("*Nunez I*") ("Defendants cannot obtain relief by the expedient of contradicting statements freely made under oath, unless there is a compelling reason for the disparity."), *judgment vacated and remanded on other grounds*, 554 U.S. 911 (2008).

His statements to the Court are given a "strong presumption of verity," *United States v. Silva*, 122 F.3d 412, 415 (7th Cir. 1997) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)), because "when the judge credits the defendant's statements in open court, the game is over," *United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999). "[A] defendant has no chance of success on appeal when the judge elects to treat freely given sworn statements as conclusive. Entry of a plea is not some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard." *Id.*

The plea agreement and the colloquy at the change of plea hearing makes it clear that Mr. Endre knew that the agreement was for 212 months' imprisonment, which was in the middle of the guideline range, and a period of ten years' supervised release rather than for life. The plea was knowingly, voluntarily, and intelligently entered. Mr. Endre also knew that the waivers for a direct appeal and collateral challenge to his conviction had also been waived as provided for in Paragraph 12 of the plea agreement. Crim. dkt. 69.

An appeal waiver stands or falls with the guilty plea, *United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013); *United States v. Sakellarion*, 649 F.3d 634, 639 (7th Cir. 2011), so Mr. Endre's waiver must be enforced. Considering the discussion below, there are no exceptions to an appeal waiver that would apply here. *See United States v. Adkins*, 743 F.3d 176, 192–93 (7th Cir. 2014). The sentence does not exceed the statutory maximum and the Court did not rely on any unconstitutional factor when imposing Mr. Endre's sentence.

Therefore, pursuant to the direct appeal waiver and the collateral challenge waiver, each of Mr. Endre's twenty-three grounds for relief have been waived. However, to the extent that any of the grounds can be gleaned to assert a claim that defense counsel's ineffectiveness as a whole caused Mr. Endre to sign the plea agreement, "An attorney's ineffectiveness with regard to the plea agreement as a whole, and not just the specific waiver provision at issue, renders the waiver unenforceable." *E.g., Bridgeman v. United States,* 229 F.3d 589, 591 (7th Cir. 2000) ("A plea agreement that also waives the right to file a § 2255 motion is generally enforceable unless the waiver was involuntary or counsel was ineffective in negotiating the agreement." (citation omitted)); *Hodges,* 259 F.3d 655, 659 n. 3 (7th Cir. 2001) ("[A] valid appellate waiver contained in a plea agreement does not preclude a defendant's claim that the plea agreement itself was the product of ineffective assistance of counsel." (citing *Jones,* 167 F.3d a1142, 1144-45 (7th Cir. 1999)); *Jemison,* 237 F.3d 911, 916 n. 8 (7th Cir. 2001) ("We have previously recognized that a valid appellate waiver, though binding in other respects, does not preclude judicial review of a criminal defendant's assertion that her plea agreement was itself the product of ineffective assistance of counsel." (citation omitted)." *Hurlow v. United States*, 726 F.3d 958, 965 (7th Cir. 2013).

As to any ineffective assistance of counsel claim that could be construed as properly before the Court, Mr. Endre bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011). If Mr. Endre cannot establish one of the *Strickland* prongs, his claim fails. The Court need not consider the other prong. *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014). In order to satisfy the prejudice component, Mr. Endre must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. *Brown v. Finnan*, 598 F.3d 416, 422 (7th Cir. 2010), instructs that "it is the overall deficient performance, rather than a specific failing, that constitutes the ground of relief."

Mr. Endre's ineffective assistance of counsel claims fail on the prejudice prong. The plea agreement negotiated for Mr. Endre included a three-level sentence reduction for acceptance of responsibility, a sentence capped at 212 months, and – instead of supervised release for life – a fixed ten-year term of supervised release. Without the assistance of counsel, Mr. Endre faced 235 months imprisonment plus the term of lifetime supervised release.

Additionally, the stipulated factual basis for the plea establishes Mr. Endre's guilt to the charge and no discernable defenses. Indeed, Mr. Endre does not posit a defense in his Section 2255 motion or reply. His voluminous motion and reply present no competent evidence of any issue that could have affected the outcome of this case. Mr. Endre cannot, on these facts, establish the prejudice prong of a *Strickland* claim.

Any ineffective assistance of counsel claim that survived the collateral challenge waiver is denied.

## IV. Conclusion and Certificate of Appealability

For the reasons explained in this Order, Petitioner Timothy A. Endre has failed to show that he is entitled to the relief he seeks and, therefore, his motion for relief pursuant to 28 U.S.C. § 2255 is **denied.** Judgment consistent with this Entry shall now issue.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that reasonable jurists would not find this court's "assessment of the constitutional claims debatable or wrong," and (2) that reasonable jurists would not find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

The clerk is directed to docket a copy of this Order in the criminal case, *United States v. Endre*, No. 1:14-cr-00108-SEB-MJD. Final judgment consistent with this Order shall now enter.

**IT IS SO ORDERED.**

Date: 6/7/2018

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Timothy A. Endre
12132-028
United States Penitentiary Terre Haute
P.O. Box 33
Terre Haute, IN 47808

Electronically Registered Counsel